UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY EVANS (#430140)

VERSUS                                                                  CIVIL ACTION

JAMES LEBLANC, ET AL                                      NUMBER 09-997-RET-DLD

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 8, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY EVANS (#430140)

VERSUS                                                          CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 09-997-RET-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Col. John Smith and Dr. Anthony Tarver. Plaintiff alleged that he was issue a false disciplinary report, was denied due process at a disciplinary board hearing and was slandered in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful,

fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id*.; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on April 4, 2007, he was subjected to a random drug screening. Plaintiff alleged that when he was unable to provide a urine sample within a three hour period because of a preexisting medical condition he was issued a disciplinary report.

Plaintiff alleged Col. Smith was acting chairman of the disciplinary board who found him guilty of the disciplinary infraction. Plaintiff alleged that Col. Smith did not give him an opportunity to defend himself during the disciplinary proceedings.

Plaintiff alleged that Dr. Tarver, who is his primary care physician, told prison officials that the plaintiff did not have a medical problem which would prevent him from providing a urine sample.

Plaintiff alleged that Secretary LeBlanc denied his appeal of the disciplinary board decision on the grounds that the plaintiff did not have a medical condition at the time of the drug screening which would have prevented the plaintiff from providing a urine sample.

Plaintiff alleged that he sought judicial review of the disciplinary board appeal decision in the Nineteenth Judicial District Court for Parish of East Baton Rouge. Plaintiff alleged that the state court commissioner recommended that the decision of the disciplinary board be reversed and the matter be remanded to the Department for rehearing.

First, the plaintiff alleged that he was issued a false disciplinary report. Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit

2

do not amount to a denial of due process where the state provides a procedurally adequate hearing.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Plaintiff's claim regarding the issuance of a false disciplinary report asserts neither a sufficient liberty interest nor a significant due process concern.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984); *see also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Second, the plaintiff alleged that he was denied due process at the disciplinary board hearing.  However, the plaintiff conceded, and the administrative record supports a finding that the plaintiff was ultimately successful in having the disciplinary charges, restitution and all sanctions imposed by the Disciplinary Board expunged from his institutional record.[1] Plaintiff was clearly afforded due process.

Third, the plaintiff alleged that he was slandered by the allegations contained in the disciplinary report.

Injury to reputation is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 708-709, 96 S.Ct. 1155, 1164-65 (1976). Section 1983 does not afford a remedy to recover damages for injury to one's reputation.  *Id*.

Plaintiff named Warden Rader as a defendant but failed to allege any allegations against him.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff's allegation that

---

[1] Disciplinary Board Appeal Decision DCI-2009-229, record document number 6-1, p. 1.

Warden Rader is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on February 8, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**